## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

PABLO A. DAMIANI,                              :
                                               :
        Plaintiff,                             :
                                               :
    v.                                         :        Civ. No. 15-694-RGA
                                               :
GEORGE GILL, et al.,                           :
                                               :
        Defendants.                            :

---

Pablo A. Damiani, James T. Vaughn Correctional Center, Smyrna, Delaware. *Pro Se* Plaintiff.

Michael F. McTaggart, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Defendant George Gill.

## **MEMORANDUM OPINION**

April **5** , 2016
Wilmington, Delaware

*Richard G. Andrews*

**ANDREWS, U.S. District Judge:**

Plaintiff Pablo Antonio Damiani, an inmate at the James T. Vaughn Correctional

Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.  (D.I. 2, 10).

He appears *pro se* and has been granted leave to proceed *in forma pauperis*.

Defendant George Gill moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) and

pursuant to the doctrine of *res judicata*.  (D.I. 13).  Plaintiff opposes.  Briefing on the

matter has been completed.

## BACKGROUND

Plaintiff commenced this action on August 10, 2015.  Plaintiff was injured on

December 18, 2013, while playing basketball when he slipped and fell on ice.  Plaintiff

alleges that Gill and Defendant John Doe #1, who were supervising recreation,

immediately saw the accident.  Plaintiff alleges that inmates told Gill and John Doe

Defendants #1 and #2 that Plaintiff needed medical assistance, but they walked away.

Plaintiff was carried to the tier, and he told Gill and Doe #1 that he needed medical

assistance.  Gill announced that recreation was over and ordered everyone to lock into

their cells.  Plaintiff again told Gill that he was in pain, could not walk, and needed

medical assistance.  Gill told Plaintiff that he could either lock in or he was going "to the

hole."  Gill also told Plaintiff that his shift was almost over, he was not doing any

paperwork, and to wait for the next shift to inform them of the accident.  Several hours

later when nurses on the next shift made rounds, Plaintiff's cellmate told medical about

Plaintiff's accident and was told that Defendants had not informed anyone of the

incident.  Plaintiff was taken to the nurses station, treated, and moved to a bottom

bunk.  Plaintiff fell again several weeks later (he alleges as a result of his injuries) and

was admitted to the infirmary.  Plaintiff alleges that Defendants were deliberately

indifferent to his medical needs and his safety and well-being in violation of the Eighth Amendment to the United States Constitution.

The prisoner's litigation history section of the complaint refers a case filed in State court, *Damiani v. Gill*, C.A. No. N14C-05-186-ALR, a deliberate indifference claim, wherein Defendants were granted summary judgment, affirmed by the Delaware Supreme Court.[1]  (D.I. 2 at 9).  Plaintiff states, "the civil complaint here [] is my next step. (105, 2015)."[2]  (*Id.*).

## STANDARDS OF LAW

Defendant seeks dismissal pursuant to 12(b)(6) of the Federal Rules of Civil Procedure and has submitted matters of public record.

> In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.  A document forms the basis of a claim if the document is "integral to or explicitly relied upon in the complaint."  The purpose of this rule is to avoid the situation where a plaintiff with a legally deficient claim that is based on a particular document can avoid dismissal of that claim by failing to attach the relied upon document.  Further, considering such a document is not unfair to a plaintiff because, by relying on the document, the plaintiff is on notice that the document will be considered.

*Lum v. Bank of Am.*, 361 F.3d 217, 221-22 n.3 (3d Cir. 2004) (internal citations omitted); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).  The documents submitted to the Court may properly be considered in ruling on Defendant's motion to dismiss.

---

[1] *Damiani v. Gill*, 2015 WL 353914 (Del. Super. Jan. 28, 2015), *aff'd*, 2015 WL 435107 (Del. July 14, 2015).

[2] The number 105, 2015 refers to the case number of the Delaware Supreme Court case.  (D.I. 15 at A-92).

Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). In addition, to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570).

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint and Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

3

## DISCUSSION

Gill argues that Plaintiff's claims are barred by *res judicata*. He states that
Plaintiff fully litigated this case in the Superior Court of the State of Delaware in and for
New Castle County. Plaintiff argues that *res judicata* is inapplicable because his action
in the Superior Court was filed against State officials in their personal and professional
capacities, and the Superior Court did not possess jurisdiction to hear individual
capacity claims. (D.I. 20). Plaintiff contends that here, the action is filed against State
officials in their individual and official capacities and, therefore, *res judicata* should not
apply "since the identity of the quality or capacity of the parties sued are different."
(*Id.*).

For the reasons discussed below, the Court will grant Gill's motion to dismiss.
*Res judicata*, or claim preclusion, applies where the party invoking it establishes: "(1) a
final judgment on the merits in a prior suit involving (2) the same parties or their privies,
and (3) a subsequent suit based on the same cause of action." *Duhaney v. Attorney
Gen.*, 621 F.3d 340, 347 (3d Cir. 2010) (quotation marks omitted). *Res judicata* "bars
not only claims that were brought . . . , but also claims that could have been brought."
*Id.*

The Superior Court complaint contains the same allegations as those alleged by
Plaintiff in the case filed in this Court. (*See* D.I. 15 at A-1). Therein, Plaintiff alleged
that Gill and the Doe Defendants ignored his requests for needed medical care
following his injury. (*Id.*). Plaintiff sought declaratory relief that Gill failed to provide
adequate medical care in violation of the Eighth Amendment. (*Id.*). The Superior Court
granted summary judgment in favor of Gill. The Superior Court dismissed the Doe

4

Defendants because Plaintiff did not identify them.  The Delaware Supreme Court affirmed the Superior Court's rulings.  (Id. at A-89, A-92).

More specifically, the Superior Court analyzed the case under the deliberate indifference to a serious medical need standard for claims raised pursuant to 42 U.S.C. § 1983, noting that Plaintiff had to prove (1) from an objective standpoint, he had a serious medical need, and (2) from a subjective standpoint, that Defendant acted with deliberate indifference towards that serious medical need.  (Id. at A-90).  The Superior Court accepted, without finding, that Plaintiff might satisfy the first prong on the grounds that his condition as alleged satisfied the standard of a serious medical need.  (Id.). The Superior Court found that Plaintiff could not satisfy the second prong of his deliberate indifference claim, because he could not demonstrate as a matter of law Gill's culpability for acting in a way that demonstrated a "deliberate indifference to inmate health or safety."  (Id.).  In granting Gill's motion for summary judgment, the Superior Court found that, even viewing Gill's conduct in the light most favorable to Plaintiff, there were no genuine issues of material fact in dispute and that Gill, as well as the unidentified John Doe Defendants, were "entitled to judgment as a matter of law."  (Id.).  The Superior Court dismissed the Doe Defendants on the grounds that they were never formally listed as defendants and because suits against Doe Defendants are a nullity under Delaware law.  (Id. at A-89).  On appeal, the Delaware Supreme Court affirmed the grant of summary judgment to Gill and found no error in the dismissal of the claims raised against the Doe defendants.  (Id. at A-92).

Having reviewed the filings submitted by the parties, the Court agrees that the claims raised by Plaintiff in the instant case are barred by *res judicata* as they were

5

previously litigated and resolved by a final judgment in the Delaware state courts. The

Delaware state courts had jurisdiction over the subject matter and the parties. The

parties from the original suit are the present parties or in privity with them, and Plaintiff's

allegations in this action arise from the same set of facts. The Delaware state courts'

ruling reflect the findings that Plaintiff's claims were not viable, and it is clear in reading

the Delaware rulings that there is a judgment on the merits.[3] Given the similarity of

allegations of deliberate indifference raised against Gill and the Doe Defendants, and

the Superior Court's finding based upon an expert witness that Plaintiff could not

establish a claim for deliberate indifference, the claims against the Doe Defendants are

also barred by res judicata.

Finally, to the extent that Plaintiff attempts to raise new claims, they clearly are

based on Defendants' alleged conduct regarding the events of December 18, 2013,

which were, or could have been, litigated in the State court proceeding.

## CONCLUSION

For the above reasons, the Court will grant Defendant's motion to dismiss. (D.I

---

[3] As is often the case, the "deliberate indifference" claims against the Doe
Defendants (*see* D.I. 10 at 7, ¶31) could also be viewed through the prism of issue
preclusion. Collateral estoppel, or issue preclusion, applies where: "(1) the identical
issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous
determination was necessary to the decision; and (4) the party being precluded from
relitigating the issue was fully represented in the prior action." *Cospito v. Attorney Gen.*,
539 F.3d 166, 171 (3d Cir. 2008) (quotation marks omitted). In the state case, the
deliberate indifference issue was resolved against Plaintiff. It was the identical issue; it
was actually litigated by Plaintiff; and it was necessary to the decision. (D.I. 15 at A-
90).

6

13).  The Court finds amendment would be futile.

    An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE